UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES LOWELL AND LINDA LOWELL,   )
      Plaintiffs,              )
                           )
                           )
      v.                     )   Case No. 3:22-cv-30022-KAR
                           )
                           )
UNITED STATES OF AMERICA,       )
      Defendant.              )
                           )

MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE
(Dkt. No. 47)

ROBERTSON, U.S.M.J.

Defendant, the United States Postal Service ("USPS"), moves in limine to (1) bar Plaintiffs' expert from testifying that the USPS violated the Occupational Health & Safety Act's ("OSHA") regulations and (2) exclude Plaintiffs' evidence of those regulations.

I.     Discussion

Plaintiff James Lowell ("Lowell") was employed by ATC Group Services, LLC, to conduct asbestos testing and sampling when he fell from a board in the attic of the Marblehead post office while he was climbing an interior ladder on his way to work on the roof.  He alleges that the USPS was negligent in failing to make the attic area safe and that he was injured because of that negligence.  USPS denies liability.

USPS's motions in limine seek exclusion of potential testimony from Plaintiffs' expert, Craig L. Moskowitz ("Moskowitz"), who conducted an investigation into the incident and issued a report (Dkt. No. 49 at 11-24).  The report describes OSHA's general industry standards for walking-working surfaces, 29 C.F.R. § 1910.22, and construction industry standards for hoist

areas, 29 C.F.R. § 1926.501(b)(3), as well as OSHA's multi-employer worksite policy. Moskowitz opined that the OSHA regulations applied to the Marblehead post office because it was a multi-employer worksite and that USPS violated the regulations.

In Massachusetts, "[a] property owner 'owes a common-law duty of reasonable care to all persons lawfully on the premises.'" *Soederberg v. Concord Greene Condo. Ass'n*, 921 N.E.2d 1020, 1023 (Mass. App. Ct. 2010) (quoting *O'Sullivan v. Shaw,* 726 N.E.2d 951, 954 (Mass. 2000)). This duty extends to independent contractors as business invitees, *see Johnson v. Speedway, LLC*, Civil Action No. 16-11810, 2017 WL 6625035, at *4 n.3 (D. Mass. Dec. 28, 2017) (citing *Doherty v. Town of Belmont*, 485 N.E.2d 183, 185 (Mass. 1985)) and "'includes an obligation to "maintain[] [the] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk."'" *Soederberg*, 921 N.E.2d at 1023 (first alteration in original) (quoting *O'Sullivan,* 726 N.E.2d at 954).

A.  Defendant's motion in limine to exclude Moskowitz's opinion that USPS violated OSHA regulations.

Defendant seeks to bar Moskowitz from testifying to an opinion that USPS violated the OSHA regulations on the ground that permitting a witness to testify to a violation of law usurps the function of the factfinder. Plaintiffs contend that experts commonly give opinions concerning the applicable standard of care and whether a party breached that standard.

Federal Rule of Evidence 702, which governs the testimony of expert witnesses, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles

and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"In general, it can be within the district court's discretion to admit or exclude particular expert testimony . . . ." *Pelletier v. Main St. Textiles, LP*, 470 F.3d 48, 55 (1st Cir. 2006) (citing *Univ. of R.I. v. A.W. Chesterton Co.,* 2 F.3d 1200, 1218 (1st Cir. 1993)).  Generally, "'[it] is not for witnesses to instruct the [factfinder] as to applicable principles of law . . . .'"  *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (first alteration in original) (quoting *United States v. Newman*, 49 F.3d 1, 7 (1st Cir. 1995)).  In the *Pelletier* case, the plaintiff argued that the court improperly excluded testimony from his expert that certain OSHA regulations applied to the defendant's conduct.  *Pelletier*, 470 F.3d at 54.  The First Circuit held that the "district court acted well within its discretion in excluding testimony about the applicability of OSHA regulations to [the defendant]" *id.*, because "the general rule is that it is the judge's role, not the witness's, to instruct the [factfinder] on the law."  *Id.* (citing *Nieves-Villanueva*, 133 F.3d at 99); *see also generally Vicuna v. Draper Props., Inc.*, No. 20-P-831, 2021 WL 2774699, at *2 (Mass. App. Ct. July 2, 2021) (unpublished) (OSHA regulations were not applicable where the judge properly decided that the plaintiff was not the defendant's employee and did not perform work on a construction site).  For the reason stated in *Pelletier* and similar cases, Mr. Moskowitz will not be permitted to testify concerning the applicability of OSHA regulations to the Post Office's conduct in this case.

    B.  Defendant's motion in limine to exclude evidence of OSHA regulations.

The USPS further moves to exclude the OSHA regulations from evidence on the ground that they are not relevant because the USPS was not Lowell's employer and, even if it was, he was not standing on what OSHA considered a "walking-working surface" at the time of the

accident.  For their part, Plaintiffs assert that the USPS owed James a duty to exercise reasonable care and the OSHA regulations are relevant to the standard of care the USPS owed Lowell.

Evidence of regulations regarding safety may be admissible to establish a standard of care in negligence cases.  *See Pelletier*, 470 F.3d at 54, 56.  There appears to be no dispute that, under Massachusetts law, the USPS owed Lowell, as a business invitee, a duty of care.  Even if the OSHA regulations did not apply to James because he was an independent contractor and was not employed by the USPS, similarly situated plaintiffs in other jurisdictions have been permitted to introduce OSHA regulations as evidence of whether a landowner complied with a standard of care, even where that standard of care was not derived from OSHA regulations.  *See Menichini v. Freehold Cartage, Inc.,* CIVIL ACTION NO. 3:22-CV-01532, 2024 WL 1356699, at *4-5, *7-8 (M.D. Pa. Mar. 29, 2024) (plaintiff, an independent contractor who was injured while working on defendant's property, could use OSHA regulations as evidence of a standard of care) (citing *Rolick v. Collins Pine Co.*, 975 F.2d 1009, 1014 (3d Cir. 1992)); *Chilcutt v. Ford Motor Co.,* 662 F. Supp. 2d 967, 974 (S.D. Ohio 2009) (same).  While alleged violations of the OSHA regulations could not be relied on in *Rolick* or *Chilcutt* to establish a duty or breach of duty as a matter of law because Pennsylvania and Ohio do not recognize negligence per se, the courts held that the regulations were relevant after a duty of care had been established.  *See Menichini*, 2024 WL 1356699, at *7-8 & n.7; *Chilcutt,* 662 F. Supp. 2d at 973-74.  Thus, the plaintiffs were required to show that the defendants owed them a duty as business invitees under state law as a prerequisite to the consideration of the OSHA regulations as evidence of what actions were required to meet the standard of care.  *Menichini*, 2024 WL 1356699, at *7-8 & n.7 (evidence of OSHA violations was admissible after plaintiff showed that defendant owed him a duty as a business invitee under Pennsylvania law); *Chilcutt,* 662 F. Supp. 2d at 973-74 (plaintiffs could

4

use the regulatory violations as evidence of a duty of care and/or breach of duty because, as a business owner, the defendant owed the plaintiff a duty of care independent of the OSHA regulations).

Like Pennsylvania and Ohio, Massachusetts does not recognize negligence per se, *see Juliano v. Simpson*, 962 N.E.2d 175, 179-80 (Mass. 2012), and a property owner's duty to business invitees is similar in the three states.  *Compare O'Sullivan,* 726 N.E.2d at 954-55; *Ventor v. Marianne, Inc.,* 294 N.E.2d 870, 871-72 (Mass. App. Ct. 1973) (citing RESTATEMENT (SECOND) OF TORTS § 343 (AM. LAW INST. 1965)) *with Menichini,* 2024 WL 1356699, at *4-5 (citing RESTATEMENT (SECOND) OF TORTS § 343); *Chilcutt,* 662 F. Supp. 2d at 971-72. Although Plaintiffs will have to put on relevant evidence at trial, there appears to be little dispute that James was a business invitee to whom the USPS owed a duty of care under Massachusetts law.  *See Johnson,* 2017 WL 6625035, at *4 n.3.  Assuming Plaintiffs' evidence proves that the USPS owed James a duty, *see Jupin v. Kask*, 849 N.E.2d 829, 834-35 (Mass. 2006), the reasoning in *Menichini* and *Chilcutt* permits the court to consider the OSHA regulations as evidence of the standard of care the USPS owed to James and whether the established duty was breached.  Consequently, Defendants' Motion in Limine No. 2 is denied.

II.    Conclusion

For the reasons stated above, Defendant's Motion in Limine No. 1 (Dkt. No. 47) is ALLOWED and Motion in Limine No. 2 (Dkt. No. 47) is DENIED.

It is so ordered.

Date: November 4, 2024                    /s/ Katherine A. Robertson____
                                          KATHERINE A. ROBERTSON
                                          United States Magistrate Judge